IN THE CIRCUIT COURT
ST. CHARLES COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **RACHEL MERZ** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| **LTD FINANCIAL SERVICES, L.P.** ) | |
| ) | |
| Serve At: ) | |
| CSC – Lawyers Incorporating Service Company ) | |
| 221 Bolivar ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Rachel Merz, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

3. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

4. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

5. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b). Venue is appropriate in this Court because Defendant placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in St. Charles County, Missouri.

## PARTIES

6. Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debts Plaintiff owes arise out of consumer, family, and household transactions.

7. Specifically, Plaintiff believes the alleged debts arose from credit card purchases.

8. Defendant is a foreign limited partnership with its principal office in Houston, Texas. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

10. Defendant's collection activity which is the subject of this suit occurred within the preceding twelve (12) months.

11. Defendant has called Plaintiff's cellular telephone number, ending in 5585, on numerous occasions during the past year.

12. Defendant has called Plaintiff at least since January 2012.

13. Defendant's calls for Plaintiff were placed from multiple phone numbers, some of which were disguised as local phone numbers. Plaintiff is therefore unable to determine the exact number of calls Defendant placed for her.

14. Defendant also called Plaintiff's co-workers, and upon information and belief, disclosed the existence of Plaintiff's alleged debt.

15. For example, Defendant contacted Plaintiff's supervisor at her place of employment on February 10, 2012.

16. Upon information and belief, Defendant disclosed the debt to Plaintiff's supervisor.

Electronically Filed - St Charles County - Circuit Court - August 28, 2012 - 03:32 PM CDT

17. Plaintiff was embarrassed when her supervisor emailed her about the incident.

18. Shortly thereafter, Plaintiff asked Defendant to cease calling her place of employment.

19. Upon information and belief, Defendant continued to call Plaintiff's place of employment after being asked to cease doing so.

20. Defendant's calls to Plaintiff's co-workers cannot be based on Defendant's need to obtain location information for Plaintiff, because Plaintiff has received telephone calls and collection letters from Defendant.

21. Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 USC 227(a)(1), from phone numbers that are registered to the Defendant.

22. Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

23. Those phone calls were made to Plaintiff's cellular phone and she was charged for those phone calls.

24. Plaintiff never entered into any agreement whereby she provided express consent for Defendant to place calls to her cellular phone with Defendant's automatic telephone dialing system.

25. Plaintiff never entered into any agreement whereby she consented to arbitrate disputes between herself and Defendant.

26. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular phone charges, anxiety, sleeplessness, and worry.

## COUNT I: VIOLATION OF THE FDCPA

27. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

Electronically Filed - St Charles County - Circuit Court - August 28, 2012 - 03:32 PM CDT

28. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

 a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, including causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass a person at the called number. 15 U.S.C. § 1692d.

 b. Communicating with a person other than the debtor, not for the purpose of obtaining location information, without the debtor's prior consent.  15 U.S.C. 1692c(b).

 c. Disclosing to third-parties that Plaintiff allegedly owes a debt.  15 U.S.C. § 1692b.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

 A. Judgment that Defendant's conduct violated the FDCPA;

 B. Actual damages;

 C. Release of the alleged debt;

 D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

 E. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

29. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

30. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

 a. By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff.  47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

/s/ Richard A. Voytas, Jr.
_____
**JAMES W. EASON, #57112
RICK A. VOYTAS, #52046
EASON & VOYTAS, LLC
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:     (314) 667-3161**